# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36846

STATE OF IDAHO, )
)
      Plaintiff-Respondent, )     **Boise, February 2011 Term**
)
v. )     **2011 Opinion No. 43**
)
RAYMOND GENE CORBUS, )     **Filed: March 22, 2011**
)
      Defendant-Appellant. )     **Stephen W. Kenyon, Clerk**
_____ )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County. The Honorable Michael E. Wetherell, District Judge.

The district court's restitution order is affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Frederickson argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

J. JONES, Justice.

Raymond Gene Corbus appeals the district court's order of restitution. We affirm.

## I.
## Factual and Procedural Background

On the night of May 7, 2006, police officers observed Corbus driving his vehicle at approximately 60 mph in a 35 mph zone. After Corbus drove past the officers, they entered their police vehicles and activated the overhead emergency lights. Corbus then accelerated and turned off the headlights on his vehicle. A chase ensued during which Corbus reached speeds in excess of 100 mph. When Corbus slowed to approximately 50 mph to make a turn, the passenger in his front seat jumped out of the vehicle and was knocked unconscious. Corbus continued driving another 300 yards before hitting a rock and coming to a stop. The passenger was transported to the hospital where he received medical treatment for the injuries he sustained after jumping from the vehicle.

1

Thereafter, Corbus was charged with felony eluding a peace officer, misdemeanor reckless driving, and misdemeanor driving without privileges. Corbus pleaded guilty to reckless driving at his arraignment and later entered a conditional plea of guilty[1] to eluding a peace officer pursuant to a plea agreement with the State. Among other things, the plea agreement provided that the State would dismiss the driving without privileges charge and would recommend restitution for the injuries that Corbus' passenger sustained. As part of Corbus' sentence, the district court ordered restitution in an amount to be determined at a restitution hearing. During the restitution proceedings, Corbus argued that he was not liable for restitution because his passenger's injuries were not a result of his criminal conduct but, rather, were a result of the passenger's independent choice to flee from the police to avoid being apprehended for violating his probation by consuming alcohol that evening. No evidence was submitted during the restitution proceedings regarding the passenger's motive for jumping from the vehicle. The district court ultimately ordered restitution in the amount of $18,203.67, finding a sufficient causal connection between Corbus' conduct and his passenger's injuries. The district court found that,

> [i]n the court's view, there is a sufficient causal connection between the conduct for which the defendant was convicted and the injuries [the victim] sustained. [The victim] was afraid because he was a passenger in the defendant's vehicle which he was driving at a high rate of speed with his headlights off on a road where other vehicles were located. It was not unreasonable for [the victim] to decide that he might be better off "bailing out" of the vehicle rather than risk more serious injuries in the event that the defendant wrecked the vehicle. There is no reason to believe that [the victim] would have left the defendant's vehicle, while it was moving, had the defendant not been engaged in criminal actions that constituted Felony Eluding and Reckless Driving.

On appeal, the Court of Appeals affirmed the district court's order of restitution, holding that,

> [a]lthough the prosecutor certainly could have done a better job of proving the passenger's status as a "victim" by presenting an affidavit from that individual explaining why he jumped from the vehicle, the facts before the district court were sufficient to support an inference that the passenger jumped from the car out of fear for his safety due to Corbus' criminal conduct of eluding.

*State v. Corbus*, No. 502, slip op., p. 3 (Ct. App. June 18, 2009).

---

[1] Pursuant to the plea agreement, Corbus reserved the right to appeal the district court's denial of his motion to dismiss the felony eluding charge on double jeopardy grounds. However, the district court's order with regard to Corbus' motion to dismiss is not the subject of this appeal.

2

Corbus then filed a petition for review with this Court. The petition for review was granted, but was stayed pending this Court's decision in *State v. Lampien*, 148 Idaho 367, 223 P.3d 750 (2009).[2] The Court issued its decision in *Lampien* on December 23, 2009, and this appeal was subsequently resumed.

## II.
### Issue on Appeal

I.      Whether the district court's conclusion that there is a causal connection between Corbus' criminal conduct and his passenger's injuries is supported by substantial evidence.

## III.
### Discussion

#### A.      Standard of Review

When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals, but reviews the district court's decision directly. *Lampien*, 148 Idaho at 371, 223 P.3d at 754. The decision regarding whether to order restitution, and in what amount, is within the district court's discretion and is guided by consideration of the factors set forth in Idaho Code section 19-5304(7). *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002). The issue of causation in restitution cases is a question of fact to be decided by the trial court. *See Cramer v. Slater*, 146 Idaho 868, 875, 204 P.3d 508, 515 (2009). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010).

#### B.      Causation

Idaho's restitution statute permits a court to order restitution for "any crime which results in an economic loss to the victim." I.C. § 19-5304(2). The statute defines victim as "a person or entity, who suffers economic loss or injury *as the result of the defendant's criminal conduct*." I.C. § 19-5304(1)(e)(i) (emphasis added). The term economic loss includes "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses *resulting from the criminal conduct*." I.C. § 19-5304(1)(a) (emphasis added). Therefore, in order for restitution to be appropriate, there must be a

---

[2] In *Lampien*, this Court articulated the requisite framework for analyzing the issue of causation in criminal cases.

causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim.

As articulated by this Court in *Lampien*, causation consists of actual cause and true proximate cause. *Lampien*, 148 Idaho at 374, 223 P.3d at 757. "Actual cause is the factual question of whether a particular event produced a particular consequence." *Id*. (quoting *Cramer*, 146 Idaho at 875, 204 P.3d at 515). The "but for" test is used in circumstances where there is only one actual cause or where two or more possible causes were not acting concurrently. *Id*. On the other hand, true proximate cause deals with "whether it was reasonably foreseeable that such harm would flow from the negligent conduct." *Id*. (quoting *Cramer*, 146 Idaho at 875, 204 P.3d at 515). In analyzing proximate cause, this Court must determine whether the injury and manner of occurrence are so highly unusual "that a reasonable person, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur." *Id*. (quoting *Cramer*, 146 Idaho at 875, 204 P.3d at 515).

An intervening, superseding cause is "an independent act or force that breaks the causal chain between the defendant's culpable act and the victim's injury." *Id.* In general, an intervening, superseding cause replaces the defendant's act as the proximate cause of the victim's injury. *Id*. at 374–75, 223 P.3d at 757–58. However, to relieve a defendant of criminal liability, an intervening cause must be an unforeseeable and extraordinary occurrence. *Id.* at 375, 223 P.3d at 758. "The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his act." *Id.*

We find there is substantial evidence to support the conclusion that Corbus' conduct was both the actual and proximate cause of the passenger's injuries, and that the passenger's act of jumping from the vehicle was not an intervening, superseding cause sufficient to relieve Corbus of liability for the passenger's injuries.

### 1.    Actual Cause

In this case, the issue of actual cause involves the factual question of whether the passenger's injuries would not have occurred but for Corbus' criminal conduct. On appeal, Corbus offers several arguments related to the passenger's motive for jumping out of the vehicle. However, the passenger's motive for jumping out of the vehicle is irrelevant when determining actual cause. Regardless of whether the passenger jumped from the vehicle to avoid being

4

apprehended by the police, or because he feared for his personal safety, he would not have needed to do so if it had not been for Corbus' acts of driving recklessly and eluding police officers and then failing to stop in response to their overhead emergency lights. In other words, Corbus' argument fails because even if the passenger jumped from the vehicle to avoid being apprehended for a probation violation, the passenger would have never come into contact with law enforcement that night if it were not for Corbus' act of speeding and then eluding and failing to stop. Thus, there is substantial evidence to support the district court's conclusion that but for Corbus' criminal conduct, his passenger would not have been injured.[3]

### 2. Proximate Cause

In this case, the issue of proximate cause involves the factual question of whether the passenger's act of jumping from the vehicle and sustaining injuries was a reasonably foreseeable consequence of Corbus' criminal conduct. The district court found that "[i]t was not unreasonable for [the victim] to decide that he might be better off "bailing out" of the vehicle rather than risk more serious injuries in the event that the defendant wrecked the vehicle." While the district court did not specifically mention foreseeability, the district court's finding that the passenger acted reasonably by jumping from the vehicle to avoid serious injury is akin to a finding that the passenger's actions were foreseeable. In other words, because the district court concluded that the passenger's act of jumping from the vehicle was not an unreasonable reaction to Corbus' criminal conduct, the court implicitly recognized that Corbus should have reasonably foreseen that his actions could lead to such a result.[4] Therefore, this Court must determine whether the district court's conclusion regarding proximate cause is supported by substantial evidence.

Corbus' arguments regarding the passenger's motive for jumping from the vehicle are more relevant when it comes to proximate cause because the passenger's motive affects the analysis of whether jumping from the vehicle was a reasonably foreseeable reaction to Corbus'

---

[3] While the district court did not specifically use the words "but for," the district court did find that "[t]here is no reason to believe that [the victim] would have left the defendant's vehicle, while it was moving, had the defendant not been engaged in criminal actions that constituted Felony Eluding and Reckless Driving."

[4] To support its conclusion, the district court also cited to the case of *State v. Hill*, No. 49291-8-I, 2002 WL 31082005, at *2 (Wash. Ct. App. Sept. 16, 2002), where the court held that the defendant could be required to pay restitution to the victim who, after being assaulted by the defendant, panicked, fled away in a car at a high rate of speed, and crashed, because the victim's actions were "not only foreseeable, but highly likely." This further demonstrates that the district court, after adequately conducting an analysis regarding proximate cause, found that the passenger's injuries were reasonably foreseeable in light of Corbus' criminal conduct.

criminal conduct. Despite Corbus' argument that the passenger jumped from the vehicle to avoid being apprehended for a probation violation, the district court specifically found that the passenger jumped to avoid the serious injury that could result from Corbus' driving. Because the district court's factual findings with regard to the passenger's motive for jumping from the vehicle affect the analysis regarding foreseeability, this Court must first determine whether there is substantial evidence to support the district court's conclusion that the passenger jumped from the vehicle for safety reasons.

Corbus argues that because the State did not submit an affidavit from the passenger or call the passenger to testify as to his motive for jumping from the vehicle, there is no evidence to support the district court's conclusion that the passenger jumped from the vehicle out of fear for his safety. Corbus further argues that because there is evidence in the record indicating that, at the time of the incident, the passenger was on felony probation for an earlier conviction for driving under the influence and had been at a bar the night of the incident consuming alcohol in violation of his probation, it is just as likely the passenger jumped from the vehicle to avoid being apprehended for violating his probation.

We find there is substantial evidence to support an inference that the passenger jumped from the vehicle because he feared for his safety. In the criminal information charging Corbus with the crime of felony eluding a peace officer, the State alleged that,

> the Defendant . . . did operate a motor vehicle . . . and willfully attempted to elude a pursuing police vehicle after being given a visual signal to stop, and in doing so either (a) traveled in excess of thirty (30) miles per hour above the posted speed limit, to-wit: in excess of 100 m.p.h. in a 55 and/or 65 m.p.h. speed zone(s) or (b) drove his vehicle in a manner as to endanger or be likely to endanger the property of another or the person of another, to-wit: the Defendant drove in a reckless manner including speeding in excess of 100 m.p.h., passing other vehicles, and turning off his headlights after sunset, all in violation of I.C. § 49-1404(1) and (2)(a) or (c).

In the criminal information charging Corbus with the crime of reckless driving, the State alleged that,

> the Defendant . . . did operate a motor vehicle . . . carelessly and heedlessly; without due caution and circumspection and/or at a speed or in a manner to be likely to endanger persons or property; by driving in excess of 100 m.p.h. with his headlights turned off after 9:18 p.m., with other vehicles on the roadway, all in violation of I.C. § 49-1401.

Upon pleading guilty to reckless driving and entering a conditional plea of guilty to felony eluding a peace officer, Corbus admitted to engaging in the criminal conduct alleged by the State in the information. *State v. Coffin*, 104 Idaho 543, 546, 661 P.2d 328, 331 (1983) (holding that "a valid guilty plea, voluntarily and understandingly given, is a judicial admission of all facts charged by the indictment or information"). In other words, Corbus admitted to driving at speeds in excess of 100 mph, without headlights on, while it was dark, and while there were other vehicles on the road. Corbus also admitted that such conduct was likely to put other people in danger. Therefore, while we agree with the Court of Appeals that the State could have done a better job proving the passenger's status as a victim during the restitution proceedings, there is substantial evidence to support an inference that the passenger jumped from the vehicle because he feared for his safety.

The next question then is whether, assuming the passenger jumped from the vehicle out of fear for his safety, there is substantial evidence to support the conclusion that the passenger's act of jumping from the vehicle and sustaining injuries was reasonably foreseeable. Corbus argues that it was not reasonably foreseeable that the passenger would risk serious injury by jumping from a fast-moving vehicle. The State argues that the passenger's act of jumping from the vehicle was a reasonably foreseeable reaction to Corbus' dangerous criminal acts.

We find there is substantial evidence to support the conclusion that the passenger's act of jumping from the vehicle and sustaining injury was reasonably foreseeable in light of Corbus' criminal conduct. The facts before the district court demonstrate that Corbus had created an extremely dangerous situation for his passenger by driving at night, at excessive speeds, with no headlights on. Given the dangerous manner in which Corbus was driving that night, it was reasonably foreseeable that his passenger would decide to jump from the vehicle to avoid a potentially serious car accident. This is especially true given that jumping from the vehicle was the only means available to the passenger to escape the dangerous situation. A reasonable person in Corbus' position, making an inventory of the possibilities of harm that his conduct might produce, would have reasonably expected such an injury to his passenger to occur.

Corbus argues that it was not reasonably foreseeable that the passenger would jump from a vehicle traveling at such a high rate of speed. However, this argument fails to take into account the fact that Corbus had previously been driving his vehicle at speeds in excess of 100 mph, and it was not until he finally slowed down to 50 mph, to make a turn, that the passenger decided to

7

jump. It was not unreasonable for the passenger to jump at this time because there is nothing to indicate if, or when, Corbus would have again slowed to a speed lower than 50 mph during his attempt to elude the police. Moreover, if the passenger had decided to remain in the vehicle and Corbus would have gotten into a car accident, Corbus would certainly be liable for the passenger's injuries. There is no reason why Corbus should not similarly be liable for the injuries that resulted from the passenger's decision to avoid a potentially serious car accident by jumping from the vehicle when Corbus finally slowed to make a turn. Because it was reasonably foreseeable that the passenger would be injured after jumping from the vehicle to escape the dangerous situation that Corbus had created, the district court's conclusion regarding proximate cause will not be disturbed on appeal.

Corbus cites to the Court of Appeals' decision in *State v. Shafer*, 144 Idaho 370, 161 P.3d 689 (Ct. App. 2007), to support his argument that he did not cause his passenger's injuries. In *Shafer*, the defendant was convicted of leaving the scene of an accident and the district court awarded restitution for the accident victim's injuries. *Id*. at 371, 161 P.3d at 690. The Court of Appeals reversed the order of restitution on the ground that the victim's losses did not result from the criminal act for which the defendant was convicted. *Id.* at 372, 161 P.3d at 691. The court noted that,

> [t]o prosecute this offense, the State need not prove that the defendant was responsible for the accident, and a guilty plea for leaving an injury accident is not an admission of fault in the accident itself. A driver may be guilty of leaving the scene even when the other driver is wholly responsible for the accident. Under such circumstances, it would be not only unauthorized by I.C. § 19-5304, but also unjust to impose upon a defendant liability for economic loss caused by the accident.

*Id*. at 373, 161 P.3d at 692.

Contrary to Corbus' argument, *Shafer* provides no guidance here. Unlike in *Schafer*, the victim's injuries in this case were incurred during, and as a result of, Corbus' criminal acts. In *Schafer*, the defendant's conduct did not cause the victim's injuries because it was not the act of leaving the scene of the accident that led to the injury but, rather, it was the conduct that caused the car accident that led to the injury. In this case, Corbus' act of driving recklessly and eluding a peace officer was the conduct that caused the passenger to jump from the vehicle and sustain injuries.

8

### 3. Intervening Cause

Finally, Corbus argues that the passenger's independent, voluntary act of jumping from the vehicle was an intervening, superseding cause of the passenger's injuries and, thus, he is not liable for restitution. The State argues that Corbus' act of jumping from the vehicle does not constitute an intervening, superseding cause because it was not an unforeseeable and extraordinary occurrence sufficient to relieve Corbus of liability for the passenger's injuries.

We find that the passenger's act of jumping from the vehicle was not an intervening, superseding cause of the passenger's injuries. Generally, the contributory negligence of the victim is not enough to relieve the defendant of criminal liability. *State v. Taylor*, 67 Idaho 313, 316, 177 P.2d 468, 470 (1947). In order to be considered an intervening, superseding cause, the victim's conduct must have been an unforeseeable and extraordinary occurrence. *Lampien*, 148 Idaho at 374, 223 P.3d at 757. There are several factors to consider when determining whether an intervening act is sufficient to constitute a superseding cause, including whether (1) the operation or the consequences appear to be extraordinary rather than normal in view of the circumstances; (2) the intervening act is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such situation; (3) the operation of the intervening force is due to a third person's act or failure to act; (4) the intervening force is due to an act of a third person which is wrongful toward the other and, as such, subjects the third person to liability to him; and (5) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion. *Lundy v. Hazen*, 90 Idaho 323, 329, 411 P.2d 768, 771 (1966) (citing RESTATEMENT OF TORTS 2D, § 442).

In this case, because the alleged intervening, superseding cause involves the conduct of the victim rather than some third-party actor or force, the analysis is essentially the same as for determining whether Corbus' criminal conduct was the proximate cause of the passenger's injuries. As explained above, it was reasonably foreseeable that the passenger would be injured by jumping from the vehicle to escape the dangerous situation that Corbus had created. In other words, the passenger's injuries were not an extraordinary consequence of Corbus' criminal conduct. Furthermore, the passenger's actions were not independent of the situation that Corbus created but, rather, were taken in response to the danger created by Corbus' criminal conduct. The passenger's act of jumping from the vehicle was a reasonable reaction to the dangerous situation, especially given the lack of alternatives available to the passenger. Consequently, there

9

is no intervening cause in this case sufficient to relieve Corbus of liability for his passenger's injuries.

## IV.
## Conclusion

There is substantial evidence to support the district court's conclusion that there is a sufficient causal connection between Corbus' criminal conduct and his passenger's injuries. Therefore, the district court's order of restitution is affirmed.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.