**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38247**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 486 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TRAVIS O. PENA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Lewis County. Hon. John H. Bradbury, District Judge.

Order of restitution, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Travis O. Pena appeals from the district court's order of restitution entered after Pena pled guilty to felony eluding a law enforcement officer, Idaho Code § 49-1404.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 10, 2010, law enforcement officers responded to a report of a disturbance at a residence in Kamiah, Idaho. When officers arrived at the residence, Pena fled in a pickup. A high-speed chase ensued, during which Pena ran numerous stop signs, crashed through metal stock gates, drove straight at and narrowly missed two patrol vehicles, and almost crashed head-on into another patrol vehicle. Pena eventually drove the pickup at a high rate of speed onto a narrow dirt road with deep ruts and mud holes. An officer attempted to pursue Pena on the road, but his patrol vehicle got stuck in one of the mud holes, damaging the vehicle.

1

The State ultimately charged Pena with felony eluding a law enforcement officer, I.C. § 49-1404. Pena pled guilty and the district court withheld judgment and placed Pena on probation for five years. Following a restitution hearing, the district court entered an order requiring Pena to pay restitution in the amount of $1,055.91. Of that amount, $869.38 represented the amount the Lewis County Sheriff's office was charged to have the damaged patrol vehicle repaired. Pena timely appeals.

## II.

## DISCUSSION

The decision whether to order restitution is within the discretion of the trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Cottrell*, 152 Idaho 387, 391, 271 P.3d 1243, 1247 (Ct. App. 2012); *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002). We will not overturn an order of restitution unless an abuse of discretion is shown. *Cottrell*, 152 Idaho at 391, 271 P.3d at 1247. An abuse of discretion may be shown if the order of restitution was the result of arbitrary action rather than logical application of the proper factors in I.C. § 19-5304(7). *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Pena contends that the State failed to present substantial evidence that all of the damage caused was the result of Pena's criminal activity. He argues that the officer's pursuit of Pena onto the narrow dirt road was an unreasonable assumption of the risk. Therefore, Pena argues it was error for the district court to issue an order for restitution that included the patrol vehicle's repairs. The State contends that there is substantial evidence to support the district court's finding that the damage to the patrol vehicle was caused by Pena's criminal conduct and, thus, did not abuse its discretion in ordering the full amount of restitution.

Idaho Code § 19-5304(2) authorizes a court to "order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim." For purposes of Idaho's restitution statute, a "victim" includes any "person or entity, who suffers

2

economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e)(i). "Economic loss" includes, among other things, "the value of property taken, destroyed, broken, or otherwise harmed . . . resulting from the criminal conduct." I.C. § 19-5304(1)(a). "Therefore, in order for restitution to be appropriate, there must be a causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011).

Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401. Actual cause is the factual question of whether a particular event produced a particular consequence. *Id.* The "but for" test is used in circumstances where there is only one actual cause or where two or more possible causes were not acting concurrently. *Id.* True proximate cause deals with "whether it was reasonably foreseeable that such harm would flow from the negligent conduct." *Id.* In analyzing proximate cause, this Court must determine "whether the injury and manner of occurrence are so highly unusual that a reasonable person, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur." *Id.* (internal quotations omitted).

Pena is arguing in essence that the pursuing officer's decision to follow Pena onto the narrow dirt road constituted an intervening and superseding cause that broke the causal chain between Pena's criminal conduct and the damage to the patrol vehicle. "An intervening, superseding cause is an independent act or force that breaks the causal chain between the defendant's culpable act and the victim's injury." *Corbus*, 150 Idaho at 602, 249 P.3d at 401 (internal quotations omitted). In general, such a cause replaces the defendant's act as the proximate cause of the victim's injury. *Id.* However, to relieve a defendant of criminal liability, an intervening cause must be an "unforeseeable and extraordinary occurrence." *Id.* at 602-03, 249 P.3d at 401-02. "The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his act." *Id*. at 603, 249 P.3d at 402.

As to actual cause, the district court found that, but for Pena's eluding conduct, the officer would not have pursued him and, thus, would not have been present at the mud hole that damaged the patrol vehicle. At the restitution hearing the Lewis County sheriff testified that, when officers responded to the residence, Pena fled from the residence in a pickup, travelled at high rates of speed on icy roads, ignored officers' sirens and emergency lights, crashed through

metal gates, and on two separate occasions drove directly at and narrowly missed patrol vehicles. After nearly hitting one of the patrol vehicles, a sheriff's deputy pursued Pena onto the dirt road where the mud holes were present and where the vehicle eventually suffered the damage. Based on this testimony, there is substantial evidence to support the district court's finding of actual cause.

Moreover, there is substantial evidence in the record from which to conclude that Pena's criminal conduct was the proximate cause of the damage to the patrol vehicle. The sheriff's testimony showed that in an attempt to elude the officers, Pena ignored the officers' lights and sirens, and drove extremely recklessly. The testimony also showed that the pursuing officer was attempting to carry out the duties of his office as he followed Pena. Given Pena's reckless conduct, it was reasonably foreseeable that the officer would pursue Pena onto the dirt road where the patrol vehicle was ultimately damaged. As a result, Pena's argument that the causal chain was broken by the pursuing officer's conduct fails. *See Cottrell*, 152 Idaho at 394, 271 P.3d at 1249 (breaking the causal chain requires that the victim's conduct was unforeseeable and an extraordinary occurrence); *see also Corbus*, 150 Idaho at 606, 249 P.3d at 405 (generally, the contributory negligence of the victim is not enough to relieve the defendant of criminal liability). The officer's actions in response to Pena's conduct were foreseeable and certainly not "so highly unusual that a reasonable person, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur." *Corbus*, 150 Idaho at 602, 249 P.3d at 401 (internal quotations omitted).

## III.
## CONCLUSION

There is substantial evidence to support the conclusion that Pena's conduct was both the actual and proximate cause of the damage to the patrol vehicle. There is also substantial evidence to support the conclusion that the officer's decision to follow Pena onto the dirt road was not an intervening, superseding cause sufficient to relieve Pena of liability for the damage. Therefore, the district court did not abuse its discretion. The district court's order of restitution is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

4