IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44676

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 672 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 18, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JONATHAN M. BATTLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jonathan M. Battle appeals from the district court's order of restitution, which ordered him to pay the cost of a CT angiogram of his victim's neck. Battle argues that there is no causal connection between the CT angiogram and the crime for which he was convicted. For the reasons explained below, the district court's order of restitution is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Battle with two counts of attempted strangulation and one count of domestic violence in the presence of a child.[1]  The one count of domestic violence (Count III)

---

[1]  At trial, the State orally moved to amend the information to strike the language "in the presence of a child" from the domestic violence charge. The district court deemed the information amended to charge domestic violence with traumatic injury.

was specifically based on Battle grabbing and pushing the victim to the ground causing bruises and abrasions.

When the victim initially spoke with the responding officer, the victim only showed the abrasion on her elbow. She did not mention the attempted strangulation until an officer spoke with her again two days later. The officer recommended that the victim seek medical attention. The victim first went to the Family Advocacy Center and Education Services (FACES) Family Justice Center, where she was examined by a nurse and a doctor. The victim told the nurse about being shoved down and picked up by the neck before finally falling down and being put into a chokehold. The doctor was present for this initial examination by the nurse.

At trial, the victim testified that when she was pushed by Battle, the victim fell hard, landing on her right elbow and right knee. The nurse's examination supports this testimony, as the nurse testified that she observed bruises and small abrasions on the victim's arms and legs, primarily around the knee and elbow areas. The victim also testified that after Battle shoved the victim down, Battle picked the victim up from the ground by her neck. A photograph revealing a bruise on the victim's neck was admitted at trial, with the victim explaining that the bruise was caused by Battle applying pressure to the victim's neck multiple times. The doctor testified that she focused primarily on the pain in the victim's back and neck. The doctor then referred the victim to a hospital where she could undergo a CT angiogram, which allows doctors to inspect the inside of blood vessels for damage.

The jury could not reach a verdict on the two counts of attempted strangulation, but found Battle guilty of domestic violence with traumatic injury. The State declined to retry Battle on the attempted strangulation charges. Battle conceded that he was a persistent violator. The district court sentenced Battle to a unified term of five years, with two years determinate, enhanced by an indeterminate term of five years, to run concurrently. The district court entered a judgment of conviction.

After entering the judgment, the district court held a restitution hearing. The State requested restitution in the amount of $1,803.96 to compensate the Victims Compensation Program for the amount it paid for the CT angiogram. The district court ordered Battle to pay restitution in the amount of $1,803.96 to the Victims Compensation Program. Battle filed timely appeals from both the judgment and the post-judgment restitution order.

## II.

## ANALYSIS

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Accordingly, a restitution order must be limited to the crime or counts to which a defendant pled guilty or on which he was convicted. *State v. McKeeth*, 136 Idaho 619, 628, 38 P.3d 1275, 1284 (Ct. App. 2001).

In this case, the only criminal acts that we may base our analysis on are those described in Count III. Count III uses the following language: "[Battle] did willfully and unlawfully use force and/or violence upon the person of [the victim] by grabbing and/or pushing her to the ground . . . and by committing said battery, did inflict a traumatic injury upon the person of [the victim], to-wit: bruising and/or abrasions . . . ." By finding Battle guilty of Count III, the jury

3

found that Battle inflicted traumatic injuries, which included bruising, by grabbing the victim and/or pushing the victim to the ground.

Battle argues that the district court abused its discretion in ordering him to pay restitution for costs stemming from an injury that was not caused in the course of the crime for which he was convicted. Battle contends that Count III should be limited to his actions that caused the victim to come in contact with the ground, reading the "to the ground" language from Count III as limiting the entire phrase of "grabbing and/or pushing." To support his argument, Battle underscores that the prosecutor argued in closing argument that the jury should find Battle guilty of domestic violence because there was evidence presented that the victim "fell to the ground" and sustained "abrasions on her knees, an abrasion on her elbow, [and] bruising on her legs."

But nothing, including the focus of the prosecutor's closing argument, requires such a narrow reading of Count III. Count III alleged that Battle grabbed the victim and, in doing so, caused bruising. At trial, the victim testified that before the first attempted strangulation allegedly occurred, Battle shoved the victim to the ground and then grabbed her up by her neck. The nurse and physician both testified that the victim had informed them of this neck grabbing. The State also produced a photograph showing a bruise on the victim's neck. The evidence of Battle's grabbing of the victim's neck supports the district court's ruling that Battle's use of physical force, as evidenced by the bruising, led to the physician ordering a CT angiogram. Accordingly, the district court did not err in ordering restitution.

### III.
### CONCLUSION

We conclude that the cost of the CT angiogram, ordered in response to the victim's statements to the nurse concerning the victim being grabbed up by her neck, falls under the definition of "economic loss" as contemplated by Idaho's restitution statute, I.C. § 19-5304, as it resulted from Battle's criminal conduct described in Count III. Accordingly, the order of restitution is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

4