**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45567**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 3, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TERRY C. ANDERSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order granting in part and denying in part the restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Terry C. Anderson appeals from the district court's order granting in part and denying in part the State's restitution requests. Anderson argues the district court abused its discretion when it awarded restitution. Because the district court's credibility determination is supported by substantial evidence, we affirm the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Anderson rear-ended a tow truck and was charged with felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004(1)(A) and 18-8005(9). Anderson pleaded guilty, and the district court imposed a unified ten-year sentence, with six years determinate.

In all, the State filed four separate motions for restitution which included the cost of repairing the tow truck, the cost of the investigation, and medical expenses. After a restitution hearing, the district court determined the State's motions regarding the tow truck repairs were supported by substantial evidence and, thus, the State could recover $12,052.09 for the cost of repairs to the tow truck. Anderson timely appeals. The sole issue on appeal is the district court's restitution award relating to the cost of the tow truck's repairs.

## II.

## ANALYSIS

Although Anderson is mindful of the district court's credibility findings, he nonetheless argues the district court abused its discretion when it awarded restitution in this case. Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

2

Here, the State sought restitution for the cost of repairs to the tow truck. The district court held a restitution hearing, at which the driver of the tow truck explained the damage sustained by the truck. The driver testified that Anderson's vehicle ran into the back of the tow truck and struck the rear boom, which is used to lift vehicles. The driver testified the tow truck remained operable after the collision, however, the driver noticed the tow truck was leaking hydraulic fluid as a result of the collision.

Anderson objected to the State's motion for restitution and disputed the amount of damage to the tow truck. According to Anderson, there was no evidence the tow truck was damaged. Anderson also claimed the fluid was not leaking from the tow truck, but rather, from Anderson's vehicle.

The district court granted the State's restitution requests for the costs of the tow truck repairs. On appeal, Anderson argues the district court's decision was not supported by substantial evidence because the tow truck remained operable after the collision. While Anderson may disagree with the evidence, he fails to demonstrate how the district court erred. The district court held a restitution hearing, at which the parties were given the opportunity to provide evidence and argument. In its order granting in part and denying in part the State's restitution requests, the district court explained how the tow truck driver testified about the night of the accident, the damages to the tow truck, and the out-of-pocket expenses he incurred as a result of the accident. The district court determined the driver's testimony was clear and credible. Additionally, the district court commented that the driver was able to explain the parts of the tow truck that incurred damage and the process of the repair. As evidence of the tow truck damages, the State also submitted to the court a list of all the specific parts needed and the repairs made, as well as the costs associated with each part and service. The district court determined the costs resulted from Anderson's collision with the tow truck and thus, were reimbursable economic losses.

On appeal, Anderson concedes the district court found the tow truck driver credible in his testimony. We determine the district court's finding is supported by substantial evidence and, thus, the district court did not abuse its discretion when it ordered Anderson to pay restitution for the damages incurred by the tow truck.

## III.

## CONCLUSION

Because the district court's credibility determination is supported by substantial evidence, we affirm the district court's order granting in part and denying in part the State's restitution requests.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.