STEGNER, Justice, concurring.
I agree with the majority in its conclusion that the district court properly dismissed Thompson's petition for post-conviction relief. However, the majority also concluded "that the issue of whether [Thompson's trial] attorney made a strategic or tactical decision in not requesting the instructions was not raised below." Because I respectfully disagree with this statement, I find it necessary to write a concurrence.
Thompson raised the issue below by pleading that trial counsel's decision could not have been a strategic decision. The deputy prosecutor responded by arguing that counsel's failure to request jury instructions on proximate cause and superseding, intervening cause was strategic. And, the trial judge found trial counsel's performance "was not deficient." Consequently, the issue was not only raised below - the judge explicitly ruled on it.
Thompson alleged in his verified petition that his trial counsel's "[i]naction [in failing to request proper jury instructions] cannot be attributed to an exercise of reason or representative of strategic tactile [sic] decision making; but clearly does indicate oversight." As such, the issue was raised in the petition and the State was put on notice of it. Subsequently, both the State and the district court addressed the issue.
In analyzing Thompson's claims, the deputy prosecutor identified Thompson's initial claim of ineffective assistance of counsel as "First Claim: Failure to Request Proximate Cause and Intervening Cause Jury Instruction(s)[.]" The deputy prosecutor's introductory *653 topic heading is followed by this statement: "Thompson must overcome a strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment."
The deputy prosecutor next argued, "the giving of a jury instruction regarding proximate cause, as a matter of law, would not have altered the verdict or establish[ed]" ineffective assistance of counsel. The deputy prosecutor also argued that the case law as it relates to superseding, intervening cause would not have benefitted Thompson. The deputy prosecutor cited State v. Corbus , 150 Idaho 599, 249 P.3d 398 (2011) for the proposition that "[t]he defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his act." Id. at 603 249 P.3d at 402 (citations omitted).
The district judge found "an instruction on intervening cause might well have limited argument counsel could make; the manslaughter instruction did not limit the ways for the defendant to argue that Thompson's conduct produced the death where an intervening cause instruction would have." In addition, and as noted, the trial judge found counsel's performance "was not deficient." These statements reflect that the district judge recognized defense counsel's performance in not requesting the instructions as a strategic decision.
Consequently, I believe it is inaccurate to say "that the issue of whether [Thompson's trial] attorney made a strategic or tactical decision in not requesting the instructions was not raised below." The words "tactical decision" may not have been expressly used by either trial counsel or the trial judge. Nevertheless, I think a fair reading of the record below indicates one basis for the trial judge's decision was that defense counsel's decision to not request the jury instructions was one of tactics, rather than incompetence.
Because the parties have not raised counsel's tactical decision-making on appeal, that issue need not be addressed. Ultimately, I concur with the majority's opinion.