## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46296

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 11, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JEREMY RAYMOND SCRUGGS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Rosemary Emory, District Judge. Hon. Casey U. Robinson, Magistrate.

Memorandum decision of the district court on intermediate appeal from the magistrate's order for restitution, affirmed.

James Law Office, PLLC; Brendan L. Ash, Gooding, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jeremy Raymond Scruggs appeals from the district court's memorandum decision, on intermediate appeal, affirming the magistrate's order for restitution. Scruggs argues that the district court erred in affirming the magistrate's restitution order because there was not substantial evidence that the restitution award was the result of the criminal offense to which Scruggs pled guilty. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer responded to a call about a fight in a parking lot involving Scruggs. After the officer arrived, Scruggs charged in the officer's direction. The officer pointed his Taser at Scruggs and ordered him to stop. Scruggs did not comply and instead hit the Taser out of the

1

officer's hand. A scuffle ensued as the officer attempted to detain Scruggs. During the scuffle, the officer sustained a patellar dislocation in his knee. Scruggs was ultimately arrested and charged with battery on a police officer.

The State charged Scruggs with battery on a police officer and Scruggs pled guilty to the charge. After sentencing, the magistrate held a restitution hearing at which the officer testified in support of the State's request for reimbursement to the Idaho State Insurance Fund for expenses associated with the officer's knee injury. Over Scruggs' objection, the magistrate granted the State's request. Scruggs appealed to the district court, arguing that the order for restitution was improper because the crime Scruggs pled guilty to, battery on a police officer, had been completed at the time of the officer's knee injury. The district court affirmed the magistrate's restitution award. Scruggs again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

The decision whether to order restitution is within the discretion of the trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002). We will not overturn an order of restitution unless an abuse of discretion is shown. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:

(1) correctly perceived the issue as one of discretion, (2) acted within the boundaries of such discretion, (3) acted consistently with any legal standards applicable to the specific choices before it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Scruggs argues that the district court erred in upholding the magistrate's award of restitution as there was no causal connection between the battery charge Scruggs pled guilty to and the officer's knee injury because the battery was "committed and over" prior to the injury. Scruggs further argues that, although his behavior after the battery may have amounted to resisting and obstructing, because he was not charged with that offense, he is not liable for any injury related to it. Finally, Scruggs argues that it was not foreseeable that hitting the Taser out of the officer's hand would cause a subsequent knee injury. The State responds that the district court properly affirmed the award after correctly concluding that the officer's injury would not have occurred but for the battery and that the injury was reasonably foreseeable. We affirm the district court's decision.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. However, a defendant can only be ordered to pay restitution if the evidence shows there is a causal connection between the victim's economic loss and the criminal conduct for which the defendant is convicted. *State v. Cottrell*, 152 Idaho 387, 391, 271 P.3d 1243, 1247 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401. Actual cause refers to whether a particular event produced a particular consequence. *Id.* A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Id.* Proximate cause, on the other hand, focuses on the foreseeability of the injury. The test for proximate cause is whether the injury and manner of occurrence are so highly unusual that a reasonable person, making an inventory of the possibilities of harm that his or her conduct might produce, would not have reasonably expected the injury to occur. *Cottrell*, 152 Idaho at 392, 271 P.3d at 1248. Thus, a defendant is liable for restitution if either the possible consequence might reasonably have been contemplated or the

3

defendant should have foreseen the possibility of harm of the kind that could result from his or her act. *Corbus*, 150 Idaho at 603, 249 P.3d at 402.

The issue in this case turns on whether there was a causal connection between the officer's injuries that resulted in the economic loss requested as restitution and Scruggs' battery conviction. The district court, relying in part on this Court's prior opinion in *Cottrell*, concluded that Scruggs' battery on the officer was both the "but for" and proximate cause of the officer's injuries and economic loss. The district court was correct.

In *Cottrell*, the defendant was charged with, and pled guilty to, obstructing an officer. The charge arose after Cottrell resisted arrest. As the officer attempted to physically control Cottrell, the officer injured his knee. The trial court subsequently awarded restitution for the costs associated with the officer's knee injury. On appeal, this Court affirmed the restitution award, concluding there was substantial evidence that Cottrell's act of obstruction was both the actual and proximate cause of the officer's injuries. *Cottrell*, 152 Idaho at 393, 271 P.3d at 1249. As to actual cause, the Court concluded the evidence showed that it was Cottrell's acts of attempting to pull away from the officer during arrest that precipitated the need for the officer to gain control of Cottrell, twisting the knee in the process. *Id.* As to proximate cause, the Court concluded that it was foreseeable that Cottrell's acts of evasion would elicit a physical response from the officer, putting the officer in a position to injure his knee. *Id.*

As in *Cottrell*, but for Scruggs' attempt to avoid being detained, as evidenced by him hitting the Taser out of the officer's hands, the officer would not have attempted to physically control Scruggs and would not have injured his knee as a result. Further, it was foreseeable that Scruggs' actions would elicit a physical response from the officer and that such a response could (and did) result in injury. Thus, there was substantial and competent evidence to support the magistrate's findings of fact with respect to restitution and the magistrate's restitution award followed from those findings.

Scruggs argues *Cottrell* is distinguishable because his case "is factually different" because the criminal act Cottrell pled guilty to was the same act that caused the officer's injuries and because "it is not foreseeable that knocking a [T]aser from an officer's hand would cause an injury to the officer's knee." We rejected a similar argument in *Cottrell*, noting that the causation analysis does not require a finding that the defendant's actions amount to the elements

of the crime when determining causation. *Cottrell*, 152 Idaho at 393, 271 P.3d at 1249. The argument is also contrary to the causation analysis applied in *Cottrell* and articulated by the Idaho Supreme Court in *Corbus*, 150 Idaho 599, 240 P.3d 398. In *Corbus*, the defendant was required to pay restitution for injuries sustained by his passenger when the passenger jumped out of the defendant's car while the defendant was driving recklessly and eluding the police. Although Corbus's criminal acts did not directly injure the victim, the Court concluded the acts were nevertheless the actual and proximate cause of the victim's injuries. Thus, restitution was appropriate. *Id.* at 606, 249 P.3d at 405.

To the extent Scruggs' proximate cause argument is based on the contention that there was no foreseeable relationship between the act of hitting the Taser out of the officer's hand and the precise knee injury, the argument fails. The proximate cause analysis does not require foreseeing the precise injury that occurred. The relevant question is whether the officer's response to Scruggs' criminal conduct was foreseeable and whether it was foreseeable that the response could result in injury. For the reasons stated, the officer's response and resulting injury were a reasonably foreseeable consequence of the battery committed by Scruggs.

There was substantial and competent evidence to support the magistrate's findings of fact with respect to restitution award. Accordingly, the district court did not err in affirming the award.

## IV.
## CONCLUSION

There was substantial evidence in the record to show Scruggs' criminal conduct of battery on a police officer caused the officer's injury and resulting economic loss. Therefore, we affirm the district court's order, on intermediate appeal, affirming the restitution award imposed by the magistrate.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

5