IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 43453**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 71 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 9, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT EUGENE STEWART, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order for restitution, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Robert Eugene Stewart appeals from the district court's order for restitution following Stewart's plea of guilty to operating a vehicle without the owner's consent. Stewart argues that the district court abused its discretion in ordering Stewart to pay restitution for vehicle repairs. For the reasons set forth below, we affirm.

Pursuant to a plea agreement, Stewart pled guilty to operating a vehicle without the owner's consent, I.C. § 49-227, and agreed to pay restitution for damages caused when he drove the vehicle through a fence. At the restitution hearing, the State presented testimony from an employee of the owner of the vehicle, and produced documentation supporting the estimated repair costs for the vehicle. Stewart objected to the auto body shop's estimate of the costs,

1

arguing that the estimate was not relevant evidence. Following a hearing, the district court ordered restitution. Stewart appeals.[1]

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the state must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012).

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192.

---

[1]     Stewart was also ordered to pay other restitution which he does not challenge on appeal.

Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

On appeal, Stewart argues that the district court erred when it admitted the estimate for the vehicle repair costs over his objection. Stewart asserts that the estimate was prepared for a different vehicle and therefore was not relevant evidence to consider at the restitution hearing.

The Idaho Rules of Evidence generally apply to restitution hearings. I.R.E. 101(d)(7); *see also* I.C. § 19-5304(6) (parties shall have the right to present such evidence as may be relevant to the issue of restitution). To be admissible, evidence is required to be relevant. I.R.E. 402. Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

Stewart's argument on appeal is premised on the contention that the estimate presented by the State at the restitution hearing was for a vehicle different than the one Stewart drove into the fence. Although the district court did not make a specific finding that the vehicle referenced in the estimate was the same vehicle driven by Stewart, such a finding is supported by the record and is implicit in the district court's ruling that the estimate was relevant. *See State v. Floyd*, 159 Idaho 370, 372, 360 P.3d 379, 381 (Ct. App. 2015) (appellate courts are required to examine the record to determine implicit findings which would support the trial court's order and such implicit findings should be overturned only if not supported by substantial evidence).

At the restitution hearing, the employee testified that the vehicle sustained a big scratch on the driver's side door, multiple dents, a broken light, and a broken windshield. The employee testified that the vehicle was taken to an auto body shop to get an estimate for the repair costs. The employee provided the written estimate and testified that the damages listed in the estimate were specifically related to Stewart driving the vehicle into the fence. When the State moved to

have the estimate admitted into evidence, Stewart objected and requested to question the witness regarding the relevance of the estimate before it was admitted. The basis for Stewart's objection was that the estimate had two inaccuracies in the vehicle description. Specifically, the estimate described the evaluated vehicle as a "2004 Ford Ranger XLT 2 DR Ext Cab Short Bed," with a "6cyl Gasoline 3.0" and a "5 Speed Automatic." In his examination of the employee in aid of his objection, Stewart elicited testimony that the vehicle taken by him was actually an "XL" model and not an "XLT," and was a manual transmission, not an automatic transmission. Based on these two inaccuracies, Stewart argued the estimate was for a different vehicle.

Although Stewart identifies two differences between the estimate's description and the employee's description of the damaged vehicle, Stewart does not contest that the other descriptors used in the estimate were consistent with the damaged vehicle. Additionally, the substance of the estimate--the location and nature of the damage to the vehicle--is consistent with the employee's testimony concerning his observations of the damage to the vehicle after Stewart drove it into a fence. Thus, there is substantial evidence to support an implicit finding that the estimate pertained to the same vehicle driven by Stewart. Because the estimate reflects the costs to repair the vehicle damaged by Stewart, he has failed to show that the district court erred by finding the estimate relevant.

Stewart also argues that the district court abused its discretion when it awarded restitution because the amount of the award was not supported by substantial and competent evidence. Specifically, Stewart asserts that photographs taken of the vehicle after Stewart drove it through the fence do not depict the purported damage and that the estimate was for a different vehicle.

At the restitution hearing, the employee testified about the nature and locations of the damage done to the vehicle when Stewart took it. The employee also provided the auto body shop's estimate for the costs to repair the damage.[2] He authenticated the estimate as being from the body shop and testified that the estimate was accurate as to the damages that were caused by Stewart. On cross-examination of the employee, Stewart admitted a number of photos of the vehicle after he drove it into the fence. Stewart elicited testimony from the employee that the damage described in the employee's testimony and in the estimate cannot be seen in the

---

[2]     Although Stewart asserts the estimate related to a different vehicle, for reasons previously discussed, we hold such a contention is without merit and we need not address it further.

photographs. However, upon review, these photographs are inconclusive at best as the photographs do not depict the particular areas of the vehicle described by the employee or in the estimate as being damaged. Although the limited areas of the vehicle photographed did not reveal any damage, it does not follow that other areas of the vehicle were not damaged. Thus, the photographs do not disprove the damage caused by Stewart. To the contrary, there was ample evidence presented at the restitution hearing to support the district court's order for restitution. Consequently, Stewart has failed to show that the district court abused its discretion in ordering Stewart to pay restitution for the damage he caused to the vehicle when he drove it into a fence. Accordingly, the district court's order awarding restitution is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.