**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46965**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JIMMY CARLTON MOORE,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  June 19, 2020

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael J. Reardon, District Judge.

Judgment of conviction for preparing false evidence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Jimmy Carlton Moore appeals from his judgment of conviction for preparing false evidence.  On appeal, Moore alleges the district court abused its discretion by admitting audio recordings of a 911 call and Moore's subsequent arrest because the district court incorrectly determined the recordings were more probative than prejudicial.  Moore argues the risk of prejudice from the admission of the recordings substantially outweighed the probative value of the evidence and, therefore, the district court should not have admitted the recordings as exhibits at trial.  In response, the State contends the district court did not abuse its discretion.  Because the district court did not abuse its discretion when it concluded the probative value of the audio recordings of Moore's arrest and the 911 call were not substantially outweighed by the risk of unfair prejudice, the judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following convictions for felony domestic battery and resisting and obstructing a law enforcement officer, Moore filed a motion for a new trial claiming he had newly discovered evidence that would establish his innocence as to both convictions. Moore alleged that while incarcerated, another inmate at the facility, Michael Tone, disclosed to Moore that he had been at Moore's apartment complex the evening of the alleged domestic battery and subsequent arrest and had witnessed many of the events. In support of Moore's motion for a new trial, Moore filed an affidavit allegedly from Tone which stated Tone witnessed, in part, a series of events that indicated Moore was not present in the apartment complex at the time of the battery. The affidavit further attested that upon law enforcement's arrival and subsequent arrest of Moore, Tone "never heard [Moore] one time cuss or threaten the cops" and never saw Moore resist arrest. However, Tone stated he witnessed the arresting officer repeatedly assault Moore, including striking Moore in the back of the head, hitting Moore's head on the truck of the police vehicle, throwing Moore onto the ground, striking Moore while he was on the ground, and shoving Moore's face into the pavement.

At the evidentiary hearing on Moore's motion, Tone denied writing and signing the affidavit that Moore submitted and Tone testified that the affidavit contained additions or untruths. Regardless, Tone testified about what he did witness that evening. Based upon this testimony, the district court found Tone did not present new facts that would tend to exculpate Moore and consequently the court denied Moore's motion for a new trial.

Subsequently, the State charged Moore with preparing false evidence, a felony, for his role in drafting and submitting the affidavit allegedly from Tone. The State filed a notice of intent to use Idaho Rule of Evidence 404(b) evidence at trial, asserting the statements contained in the affidavit were contrary to evidence presented during Moore's trial for domestic battery and resisting arrest. Specifically, the State argued the audio recording of the victim's 911 call to dispatch indicated Moore was in the apartment when the battery occurred and the audio recordings from the arresting officer's microphone[1] during Moore's arrest demonstrated Moore was belligerent, yelling, and physically resisting arrest. At a hearing on the motion, Moore's

---

[1] The State sought to admit two audio recordings of Moore's arrest, both recorded from the arresting officer's microphone.

counsel indicated he had not had sufficient time to discuss these evidentiary issues with the prosecution or his client and stated, "I want to limit that information that I feel like is overly prejudicial to my client's right to a fair trial. But, at the same time, you know, my client may want all of the whole kit and caboodle to come in. I'm not exactly sure." The district court granted the State's motion for use of I.R.E. 404(b) evidence, but noted it may limit the evidence if "I think that it's going too far."

Prior to trial, Moore objected to the State's admission of the audio recordings of the 911 call and Moore's arrest at trial. Moore argued the audio recording of the 911 call was not relevant and the audio recordings of Moore's arrest, while relevant, were unduly prejudicial. Moore argued the State desired to use the audio recording of the 911 call to establish Moore was guilty of domestic battery, in contrast to the impression given by the affidavit, because in the audio Moore can be heard stating various iterations of "I did it" on the recording. Moore's counsel argued that because it was not clear to what Moore was referring when he said "I did it," the audio recording of the 911 call was not relevant to the proceedings. The district court disagreed:

> I mean, aside from the admissions that may or may not be included in that, if I'm recalling the transcript testimony, the fact that [Moore's] present making statements during that call would also tend to contradict the impression that the affidavits[2] appear to try to create that he wasn't even present when the battery occurred.

After listening to the audio recording of the 911 call, the district court found the exhibit was probative evidence that Moore was present during the domestic battery, and because it was not

---

[2]    The district court uses the plural "affidavits." However, only one affidavit is at issue here; Moore was only charged with preparation of false evidence in relation to the affidavit allegedly from Tone which Moore filed to support his motion for a new trial. Nonetheless, there are two other affidavits in the record that the district court could be referring to. The district court could be referring to the handwritten affidavit that Tone originally wrote which includes assertions that imply that Moore was not present during the domestic battery. However, Moore never filed this affidavit as part of his motion for a new trial. Instead, Moore re-wrote Tone's affidavit in Moore's own handwriting and, in the process, included some additional information. Alternatively, the district court could be referring to Moore's personal affidavit filed in support of his motion for a new trial. But, this affidavit only proclaims Moore's innocence and asserts that newly discovered evidence supports his innocence; Moore does not allege in this affidavit that he was not present when the domestic battery occurred. Thus, given the context and the contents of the affidavits in the record, we presume the district court is referencing the affidavit that Tone originally wrote and the affidavit which Moore alleged came from Tone but was re-written in Moore's handwriting.

clear what Moore's statements of "I did it" were in reference to, the danger of unfair prejudice did not outweigh that probative value.

Additionally, Moore argued the audio recordings from the arresting officer's body microphone during Moore's arrest were too prejudicial to be included as evidence during trial:

> It's remarkable, the audio of my client's arrest. My client is animated. My client is profane. My client is--while he's saying I'm not resisting, I'm not resisting, the officer is, like, yes, you are. And you can hear kind of just the struggle in the-- and I understand the relevance of it. But the only objection that I could come up with is a 403, that would tend to mislead, inflame or confuse the ultimate issues in the case and prejudice my client's right to a fair trial. So that's the spirit of that objection as it relates to that audio.

The district court acknowledged admitting audio of Moore's arrest may result in a danger of prejudice, but it found the evidence was "extraordinarily probative on the issue of whether or not the affidavit is true with respect to whether or not [Moore] resisted or used profane language with the officers and the prejudice that attaches to that does not seem to me to be unfair under the circumstances." However, to limit the risk of prejudice, the district court only permitted the State to admit one recording of the arrest audio during its case in chief, finding that any additional recording would be cumulative. Additionally, concerning the exhibit that the State was permitted to admit at trial, the district court redacted the beginning of the audio recording to remove an officer commenting that Moore appeared strong enough to hit a woman. Further, the district court indicated if the profanity on the recording became too much, the court might prematurely stop the recording during the trial. Moore's counsel stated he would object to the admission of the arrest audio recording on relevance grounds during trial in order to create a sufficient record of Moore's objection.

Accordingly, during trial Moore objected to the admission of the audio recording of the 911 call pursuant to I.R.E. 401 (relevance) and the admission of the arrest audio pursuant to I.R.E. 403 (more prejudicial than probative). The district court overruled both objections. The jury found Moore guilty of preparing false evidence. After Moore admitted to being a persistent violator, the district court sentenced him to ten years, with four years determinate.[3] Moore timely appeals.

---

[3] Subsequently, Moore filed an Idaho Criminal Rule 35 motion for reduction of sentence. The district court denied this motion. The denial of the I.C.R. 35 motion is not at issue in this appeal.

## II.

## STANDARD OF REVIEW

The admissibility of evidence of other crimes or bad acts by the defendant requires a two-step analysis. *State v. Capone*, 164 Idaho 118, 125, 426 P.3d 469, 476 (2018). First, the evidence must be sufficiently established as fact and relevant as a matter of law to a material and disputed issue other than the character or criminal propensity of the defendant. *Id.* Second, the trial court must determine that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Id.*

"Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible." *State v. Stewart*, 161 Idaho 235, 237, 384 P.3d 999, 1001 (Ct. App. 2016). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *State v. Stevens*, 146 Idaho, 139, 143, 191 P.3d 217, 221 (Ct. App. 2008). Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

Even if evidence is admissible under I.R.E. 404, it may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." I.R.E. 403. The standard for excluding relevant, but prejudicial, evidence is not that the evidence is extraordinarily prejudicial, but instead that it is unfairly prejudicial. *State v. Russo*, 157 Idaho 299, 309, 336 P.3d 232, 242 (2014). Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case; it is unfairly prejudicial when it suggests a decision on an improper basis. *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010).

A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered

5

inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Moore alleges the district court abused its discretion by admitting the audio recordings of the 911 call and his subsequent arrest because the risk of prejudice to Moore from the admission of the exhibits substantially outweighed their probative value. In support, Moore argues the district court incorrectly determined the audio recordings were "extraordinarily probative" and this determination constituted an abuse of discretion because the exhibits had little relevance to the jury's factual determination of whether Moore reasonably believed the affidavit to be inaccurate. In response, the State contends the probative value of each recording was not substantially outweighed by the risk of unfair prejudice.

### A. The District Court Did Not Abuse Its Discretion By Admitting the Audio Recording of Moore's Arrest

Moore concedes the audio recording of his arrest was relevant. However, Moore argues the district court placed undue weight on its relevance by finding the recording was extraordinarily probative. Moore claims this error affected the district court's ultimate determination of the admissibility of the evidence by skewing the required balancing of the evidence's probative value against its potential for prejudice. Moore argues the audio recording of his arrest had little probative value because it did not provide evidence as to whether Moore should have reasonably believed the affidavit to be inaccurate. Moore reasons that it was reasonable for him to believe in the veracity of the affidavit, even though the affidavit was contradicted by the audio recording of his arrest. In support of this conclusion, Moore argues that evidence that an event differed from a witness's perception undermines the accuracy of the perception, not the honesty of the witness's belief.

However, the facts that Moore alleged made the audio recording unfairly prejudicial are the same facts that made it extraordinarily probative, not only because they dispute the affidavit's account of the arrest, but also because they undermine the reasonableness of Moore's belief as to its truthfulness. The affidavit included statements that Tone did not witness Moore curse, make threats, or resist arrest. Instead, the affidavit attested to Moore's relatively

6

compliant behavior while the arresting officer repeatedly assaulted Moore. The audio recording of Moore's arrest contradicts the statements in the affidavit. The audio recording includes the profane language Moore used, the repeated nature of his expletive statements, the repeated refusals by Moore to cooperate with the arresting officer's requests, the responses of the arresting officer, and the lack of sounds indicating assault. Thus, the audio recording of Moore's arrest refutes almost all of the factual points related to Moore's arrest as described in the affidavit. Further, the audio recording of Moore's arrest refutes part of Moore's basis for his motion for a new trial, which the affidavit was offered in support of--that Moore was the victim rather than an aggressor during his contact with law enforcement. Thus, the audio recording of Moore's arrest was extraordinarily probative because it provided evidence concerning a broad scope of material issues including the reliability of the affidavit, the candor of the affiant, and the reasonableness of Moore's belief in the truthfulness of the affidavit.

Additionally, the district court did not abuse its discretion by determining that the risk of prejudice by admitting the audio recording of Moore's arrest did not substantially outweigh the probative value of the evidence. The district court considered and weighed the risk of prejudice against the highly probative nature of the evidence. The district court acknowledged that admitting the audio recording of Moore's arrest may result in a danger of prejudice and accordingly, the court took steps to mitigate the potential danger of prejudice to Moore. The district court redacted portions of the audio recording in which an officer commented that Moore appeared strong enough to hit a woman. Further, the district court cautioned the parties that it might prematurely end playing the exhibit for the jury if the presentation of profanity became excessive. Finally, despite the State's multiple attempts to admit an additional audio recording of Moore's arrest, the district court rejected its admissibility because it found the additional recording to be cumulative. Thus, the district court found the audio of Moore's arrest was extraordinarily probative, weighed its admission against the danger of unfair prejudice, took action to mitigate the risk of prejudice, and ultimately determined the danger of prejudice from the singular, redacted recording did not substantially outweigh the probative value of the audio recording. Therefore, the district court reached its decision as to the admissibility of the audio recording of Moore's arrest through an exercise of reason and, accordingly, did not abuse its discretion.

7

**B.** **The District Court Did Not Abuse Its Discretion By Admitting the Audio Recording of the 911 Call**

On appeal, Moore alleges the district court incorrectly determined that the audio recording of the 911 call was "extraordinarily probative" and, therefore, the court abused its discretion by weighing the evidence's risk of prejudice against an inflated determination of its relevance. The district court found the audio recording of the 911 call was relevant because it was probative evidence that Moore was present during the conflict, which contradicted the information in the affidavit. After balancing the probative value against the prejudice, the district court determined the danger of unfair prejudice did not outweigh that probative value.

The district court's admission of the audio recording of the 911 call was not an abuse of discretion. The affidavit provided a detailed timeline of events that indicated Moore was not present at the apartment complex during the battery. However, the audio recording of the 911 call portrays an aggravated Moore speaking with the victim in the apartment immediately before the arrival of law enforcement. Therefore, the audio recording of the 911 call was probative evidence that Moore was present at the apartment complex at the time of the battery. This evidence undermines the reasonableness of Moore's belief in the truthfulness of the affidavit. Further, when the district court weighed the prejudicial value of the evidence against the probative value, as required by I.R.E. 403, the district court found, the probative value of the audio recording of the 911 call was not substantially outweighed by prejudice because Moore's statements that may be prejudicial, like "I did it," were not accompanied by context that would suggest he was admitting to the underlying battery or some other action that could substantially prejudice Moore before the jury. Therefore, because the audio recording of the 911 call was relevant and the district court's determination that any resulting prejudice from its admittance did not substantially outweigh its probative value was reached through an exercise of reason, the district court did not abuse its discretion by admitting the audio recording of the 911 call.

## IV.

## CONCLUSION

The district court did not abuse its discretion by admitting audio recordings of Moore's arrest and the 911 call as evidence at Moore's trial for preparing false evidence. The district court found the exhibits relevant and then weighed the risk of unfair prejudice against the probative value of each exhibit and concluded the risk of prejudice did not substantially

outweigh the probative value of each exhibit. Accordingly, the judgment of conviction is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.