# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47890

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>ERIC JAMES GUNTER,<br><br>        Defendant-Appellant. | )<br>)  **Filed:  November 16, 2021**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael J. Reardon, District Judge.

Judgment of conviction for domestic battery with traumatic injury, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Eric James Gunter appeals from his judgment of conviction for domestic battery with traumatic injury.  For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Gunter with two counts of domestic battery of his girlfriend, Kimberly, for events occurring over two days--one count for each day.  On the morning of trial, Gunter moved to exclude evidence that, on the second day, an unidentified male hit Gunter and said something to the effect of, "You're going to hit a girl?"  The district court reserved ruling on the motion at that time so it could review the recordings containing this evidence.  Before the State began its

1

case-in-chief, the district court held that evidence of the unidentified male hitting Gunter was admissible, but the statement accompanying the hit was not admissible.

During the State's case-in-chief, Kimberly testified that, on the first day, she was drunk, Gunter slapped her face multiple times, and she did not remember anything that happened after being slapped. Regarding the events that occurred on the second day, Kimberly described an altercation with Gunter that began inside their home. According to Kimberly, she left the home and attempted to open a gate to the fence, but Gunter grabbed her, threw her part way into the home, and slammed the door on her leg. Kimberly testified that she later exited the home and ran around a car, screaming for help, with Gunter in pursuit until the neighbors intervened and brought her to an area next to a nearby home.

Kimberly then testified:

> A guy that was walking down--it's like, kind of a road, I guess, with the trailers on both sides and the park there.
> And--well, as--I think as we were talking to 911 waiting for the police, some guy just ran over there and punched [Gunter] in the face because he was hitting a girl, is what he said. He said, "You're going to hit a girl," and he punched him.

Gunter objected. The district court sustained the objection and instructed the jury "to disregard [Kimberly's] last comment." A short time later, the district court clarified that its instruction was "to disregard what [Kimberly] reported that another party said, not what she testified she saw."

Gunter also moved for a mistrial, arguing he was prejudiced by Kimberly's account of the unidentified male's stated reason for hitting Gunter. The district court denied the motion. Ultimately, the jury found Gunter not guilty of the first domestic battery charge (based on the events on the first day) but guilty of domestic battery with traumatic injury (based on the events on the second day). Gunter appeals.

## II.

### STANDARD OF REVIEW

The decision to admit evidence is generally reviewed for an abuse of discretion. *State v. Almaraz*, 154 Idaho 584, 590, 301 P.3d 242, 248 (2013). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the

2

boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial, either or inside the courtroom, an error or legal defect in the proceedings, or conduct that is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Gunter argues the district court erred in admitting evidence that the unidentified male hit him and in denying his motion for a mistrial based on the jury hearing about the unidentified male's stated reason for doing so. Gunter further argues that, even if these errors are harmless individually, they constitute cumulative error entitling him to a vacation of his conviction. The State responds that the district court did not err in admitting evidence of the unidentified male hitting Gunter and that, even if there was error, it was harmless. The State further asserts the district court properly denied the motion for a mistrial and that Gunter has failed to show cumulative error. We hold that the isolated evidence of the unidentified male hitting Gunter was irrelevant, but the error in the admission of that evidence was harmless.

3

**A.**     **Relevancy of Unidentified Male Hitting Gunter**

Gunter asserts that evidence that he was struck was inadmissible because it was irrelevant.[1] The State responds that evidence of the strike was relevant to the domestic battery charge arising from events related to the second domestic battery charge. The State also argues that, even if admission of the evidence was error, it was harmless. We hold that the evidence of the unidentified male hitting Gunter was irrelevant but the error in admitting it was harmless.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stewart*, 161 Idaho 235, 237, 384 P.3d 999, 1001 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stewart*, 161 Idaho at 237, 384 P.3d at 1001. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). Testimony that amounts to speculation or conjecture is not relevant and therefore not admissible. *State v. Marks*, 156 Idaho 559, 563, 328 P.3d 539, 543 (Ct. App. 2014).

Gunter argues that evidence that the unidentified male hit Gunter was not directly relevant to the charge of domestic battery with traumatic injury alleged in count two. The State asserts evidence of the hit was relevant because it showed that the unidentified male "felt compelled to confront and punch Gunter," making it "more probable that Gunter and [Kimberly] were involved in an altercation." According to the State, "it is more likely that a random person would feel compelled to engage in a dispute and punch Gunter because that person witnessed or otherwise had reason to believe Gunter was being violent towards [Kimberly]." In other words, the fact of

---

[1]     Gunter also asserts that the State conceded at trial that evidence of the unidentified male hitting him would be relevant only if the unidentified male's statement was admitted, which the district court held was inadmissible. As Gunter notes, a party is not permitted to change positions on appeal and argue contrary to a concession the party made before the trial court. *See State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017). However, even if the State made the concession that Gunter claims it did, the district court evidently rejected any such concession by holding that the evidence of the hit, without the accompanying statement, was admissible. As the appellant, Gunter has the burden to show the district court erred in this determination. *See State v. Stevens*, 93 Idaho 48, 54, 454 P.2d 945, 951 (1969). Thus, our analysis focuses on the district court's decision.

4

the hit, by itself, is not relevant. Instead, it is what the State asserts can be inferred from the hit that would be relevant--that the unidentified male perceived something that led him to believe that Gunter had battered Kimberly. However, the district court ruled that the evidence of the unidentified male's purpose, *i.e.*, the statement accompanying the hit, was not admissible. By doing so, the district court eliminated the relevance of the unidentified male hitting Gunter. Without the accompanying statement, the hit did not have any tendency to make the existence of any fact that is of consequence more or less probable. *See* I.R.E. 401. Because evidence of the hit itself was not relevant, the district court erred in admitting it.

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *Yates v. Evatt*, 500 U.S. 391, 403 (1991); *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard requires weighing the probative force of the record as a whole, while excluding the erroneous evidence, and, at the same time, comparing it against the probative force of the error. *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

We first consider the probative force of the error. The State asserts that, because evidence of the hit did not "establish guilt itself," but only "an independent bystander's reaction," its lack of probative value is harmless because "the evidence lacks prejudicial force." The State further asserts that "the probative force of the evidence of Gunter's guilt was significant" and, as such, the error did not contribute to the verdict. Gunter responds that the State improperly focuses on the evidence's lack of probative value instead of its probative force. According to Gunter, the

5

probative force of the irrelevant evidence was that it could have been "improperly used by jurors" to conclude that Kimberly was more credible than Gunter as to the allegations underlying count two even though "the jurors obviously concluded" Kimberly "was not wholly credible" regarding count one in light of the acquittal on that charge.

The probative force of the evidence that an unidentified male hit Gunter while Kimberly was on the phone with the 911 dispatcher was minimal. That evidence had no impact on Kimberly's actual injuries (documented through photographs admitted as exhibits at trial and described by other witnesses), Kimberly's description of how she sustained those injuries, or Gunter's statements or testimony regarding the altercation between them and how Kimberly received visible injuries. Nor did the State rely on the unidentified male hitting Gunter in its closing arguments.

On the other side of the scale, the probative force of the record as a whole, while excluding the challenged evidence, shows the error was harmless. Kimberly testified that Gunter slapped her during the first day and slammed the door on her leg on the second day. Photographs and testimony from other witnesses corroborated Kimberly's injuries. In addition, other photographs and testimony corroborated Kimberly's testimony that the inside of the home was in disarray as a result of the altercation. Moreover, Gunter did not deny Kimberly's version of events either when interviewed by law enforcement at the scene or when testifying at trial. One responding officer's bodycam video, which was admitted at trial, shows that Gunter repeatedly answered, "I don't know" to several of the officer's questions about the events on both days. When the officer mentioned that Kimberly said she had a mark on her leg where Gunter slammed the door on it, Gunter responded, "I don't [expletive] know. And if that's what she says, then fine, you know what? Fine." For the events of the first day, Gunter said he remembered little else other than Kimberly slapping him. Partway through the conversation, Gunter told the officer, "It's a drunk [expletive] stupid fest and, you know what, just [expletive] take me." Gunter admitted he remembered going outside to talk to Kimberly and getting hit by the unidentified male, but not slamming the door on Kimberly's leg. Notably, Gunter did not deny Kimberly's version of events, other than by twice saying "Today was fine." Gunter also admitted on cross-examination that he did not remember "hitting or striking or touching" Kimberly on either day but, when asked whether he believed Kimberly was lying, Gunter replied, "No." Moments later, he added, "I think it's her

6

perspective, her perception. I don't know where she got her injuries or her bruises." At trial, Gunter also admitted that he chased Kimberly around the car, but claimed he did so because he "didn't want [her] to leave and drive drunk."

That the jury returned different verdicts for the two counts of domestic battery does not tip the scale in favor of finding the error was not harmless. The evidence for both counts was different and the jury was instructed to consider each count separately. Whatever reason the jury had for concluding the State failed to meet its burden of proving the first count beyond a reasonable doubt does not change our evaluation of the probative force of the error as to count two or the probative force of the record as a whole without the erroneous evidence as it relates to that count. Weighing the probative force of the error against the probative force of the record excluding the error, we conclude beyond a reasonable doubt that the error did not contribute to the verdict. Thus, the error was harmless.

**B.      Motion for a Mistrial**

Gunter asserts the district court erred by denying his motion for a mistrial because introduction of the unidentified male's statement accompanying the hit deprived him of a fair trial despite the district court's instruction not to consider it. The State responds that evidence of the unidentified male's statement was admissible and that, even if not, the statement did not constitute reversible error. We hold there is no reversible error related to the denial of Gunter's motion for a mistrial.

The threshold inquiry in evaluating the denial of a motion for mistrial is whether the State introduced error. *State v. Shepherd*, 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct. App. 1993). At trial, the prosecutor asked Kimberly, "While you were at the neighbor's house, what did you see?" Kimberly answered, in part: "some guy just ran over there and punched [Gunter] in the face because he was hitting a girl, is what he said. He said, 'You're going to hit a girl,' and he punched him." Gunter objected. The district court sustained Gunter's objection and immediately instructed the jurors to "disregard" the comment, "[p]ut it out of [their] mind[s]," and "not refer to it or rely on it in [their] later deliberations." Gunter subsequently moved for a mistrial, noting the district court "had previously excluded" evidence of what the unidentified male said when he hit Gunter. Because the district court excluded the evidence, its introduction into evidence by way of

7

Kimberly's response was erroneous. However, the continuing impact of this evidence on the trial did not result in reversible error. *See Urquhart*, 105 Idaho at 95, 665 P.2d at 1105.

As noted, the district court immediately gave a curative instruction after sustaining Gunter's objection to Kimberly's recitation of the unidentified male's statement. A trial court's curative instruction, while not necessarily dispositive, is a factor to consider when determining the probative force of the error. *State v. Watkins*, 152 Idaho 764, 767, 274 P.3d 1279, 1282 (Ct. App. 2012). We normally presume that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the trial court's instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant. *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987); *State v. Hernandez*, 163 Idaho 9, 13, 407 P.3d 596, 600 (Ct. App. 2017). Gunter, however, asserts that we should not apply this presumption because the district court's curative instruction was ineffective for two reasons. First, Gunter argues that comments during jury selection reveal that certain jurors would have struggled with following the curative instruction. This argument is based on an indication by certain jurors that additional evidence, including testimony from other witnesses, would be helpful in a scenario where a victim gave a different story than a defendant. These comments, however, do not demonstrate that the jury was unwilling or unable to follow an instruction to disregard evidence. Indeed, no juror responded when the district court asked if any juror "would be unwilling to follow [the district court's] instructions . . . as to the law that must apply in the case." Gunter's first argument does not overcome the general presumption that the jurors followed the curative instruction.

Second, quoting part of *Watkins*, Gunter asserts that "curative instructions cannot be presumed effective in cases where 'the evidence presents a close question for the jury.'" This misinterprets the relevant portion of *Watkins*. We did not hold in *Watkins* that a close evidentiary question automatically forecloses the presumption that a jury followed an instruction. Instead, we "noted that[,] where the evidence presents a close question for the jury, a corrective instruction, even one that is forceful, *might* be insufficient to cure the prejudicial effect of *very damaging evidence*." *Watkins*, 152 Idaho at 768, 274 P.3d at 1283 (quoting *State v. Keyes*, 150 Idaho 543, 545, 248 P.3d 1278, 1280 (Ct. App. 2011) (emphasis added)). Essentially, this reiterates the second part of the standard articulated above--that we will presume a jury followed an instruction

unless there is a strong likelihood that the effect of the evidence would be devastating to the defendant. Gunter's misinterpretation of *Watkins* cannot support his argument that the jury was unable to follow the curative instruction.

Even if the jury disregarded the district court's curative instruction, Gunter has not shown that evidence of the unidentified male's stated purpose for hitting Gunter had a continuing impact on the trial that would entitle Gunter to a new trial. While the unidentified male's statement suggests that he perceived something that caused him to believe that Gunter hit Kimberly, evidence that Gunter did so was overwhelming. Thus, there is no reversible error in connection with the unidentified male's statement regarding his reason for hitting Gunter.

## C.     Cumulative Error

Gunter also contends that the cumulative error doctrine applies here, necessitating a vacation of his conviction. The State responds that cumulative error does not apply because there was not more than one error and that, if not, the "combination of alleged errors in Gunter's case does not require a new trial." Because there were two errors--the admission of evidence of the hit in isolation and the statement accompanying the hit, which was subject to the district court's pretrial ruling that the statement was not admissible--the State's first argument fails.[2]

Under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may, in the aggregate, deprive a defendant of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). Here, the errors are related, given that the unidentified male's statement provides an explanation for why he hit Gunter. As discussed above, however, the district court instructed the jury to disregard the unidentified male's statement and Gunter has failed to overcome the presumption that the jury followed this instruction. Because we presume that the jury followed the curative instruction, the errors had no aggregate effect. Even without the curative

---

[2]     Although the district court did not err in denying Gunter's motion for a mistrial, the error forming the basis for the motion is still considered as part of the cumulative error analysis. *See State v. Field*, 144 Idaho 559, 572-73, 165 P.3d 273, 286-87 (2007) (holding that trial court correctly denied motion for mistrial based on prosecutorial misconduct but concluding that prosecutorial misconduct contributed to cumulative error, requiring reversal); *State v. Harrison*, 136 Idaho 504, 508, 37 P.3d 1, 5 (Ct. App. 2001) (analyzing whether two errors that formed the basis for a motion for a mistrial required reversal under cumulative error doctrine).

instruction, in light of the other evidence discussed above, the aggregate effect of the errors did not deprive Gunter of a fair trial.

## IV.
## CONCLUSION

The district court erred in admitting evidence that the unidentified male struck Gunter, but the error was harmless. Gunter has failed to show the district court erred in denying his motion for a mistrial. Finally, Gunter has failed to show that he was deprived of a fair trial under the cumulative error doctrine. Consequently, Gunter's judgment of conviction for domestic battery with traumatic injury is affirmed.

Chief Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.