**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48453**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: March 11, 2022** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| MATTHEW WADE STEPHENSON, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Matthew Wade Stephenson appeals from the district court's judgment ordering him to pay $870.79 in restitution following a jury verdict finding him guilty of burglary. Stephenson argues there was insufficient evidence of causation to support the restitution order. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2020, Michael Schultz was on vacation while his neighbor watched Schultz's property. One day the neighbor noticed someone had pulled a board off Schultz's shop door. The neighbor's testimony at trial went as follows:

A.      Someone had pulled a board off of the shop door, enough to look around or a smaller person to get inside. But at that point, we didn't see anything missing.

1

And it was, I believe about three days later when this incident took place.

Q.     So, let's kind of unpack that a little bit. So you said it appeared a smaller person tried to get into the shop; how do you know that?

A.     I said if anybody would have been able to get in. There was only one board removed off of the shop door.

The person who removed the board was never located. It was a few days later that the neighbor noticed damage to the shop door again: "I had seen Mike and Ann's shop doors torn down, their Gator and belongings not in it." The neighbor found Stephenson on the property, walking away from the utility vehicle (Gator) that had originally been stored in the shop. A jury found Stephenson guilty of burglary. Following Stephenson's conviction, the State sought restitution in the amount of $870.79: $700.00 for travel expenses and $170.79 for the materials used to fix the shop door.

During the restitution hearing, Schultz testified that he spent $170.79 on material to fix the door. The trial court ordered restitution: "I know you're saying you didn't break the door. But, you know, you were found at the place, the door was broken, so I will award--I think that that's a fair and reasonable amount of restitution--I will award restitution in the amount of $870.79." Stephenson timely appeals.

## II.

## ANALYSIS

Although Stephenson does not challenge the restitution award of $700 for travel expenses, Stephenson argues the district court abused its discretion in awarding restitution in the amount of $870.79 because there was insufficient evidence to prove he was the cause of the damaged door.

The trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. Idaho Code § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). A preponderance of the evidence means that the evidence shows something to be more probably true than not. *Ada Cty. Prosecuting Attorney v. DeMint*, 161 Idaho 342, 344, 385 P.3d 897, 899 (Ct. App. 2016). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012).

Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Actual cause

2

refers to whether a particular event produced a particular consequence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757.

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013). The district court's findings of fact will be affirmed if "there is substantial evidence upon which a reasonable trier of fact could have relied in making its determination." *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). A trial court is "entitled to draw reasonable inferences from all the evidence." *Browning v. Ringel*, 134 Idaho 6, 15, 995 P.2d 351, 360 (2000). Evidence introduced at trial or a restitution hearing may be considered to determine whether there is sufficient evidence for the amount of restitution. *State v. Blair*, 149 Idaho 720, 723, 239 P.3d 825, 828 (Ct. App. 2010).

Stephenson claims there was insufficient evidence to link him to the damage of the shop door because there is testimony that the door was damaged prior to the burglary. The State contends there is sufficient evidence because trial testimony proved that prior to the burglary only one board was taken off the shop door while after the burglary the door was torn off. Stephenson disputes that testimony, saying the photograph of the door in the record does not show the door torn off but rather attached and open.

In *State v. Stewart*, 161 Idaho 235, 384 P.3d 999 (Ct. App. 2016), the defendant challenged the amount of restitution partly because the photograph taken of the damaged vehicle did not depict the purported damage. *Id.* at 237, 384 P.3d at 1001. During the restitution hearing, the defendant admitted photographs of the vehicle after he had driven it into a fence. *Id.* at 238, 384 P.3d at 1002. He elicited testimony that the damage described by the victim cannot be seen in the photographs. *Id.* However, this Court determined the photographs were inconclusive because they "do not depict the particular areas of the vehicle described by the [victim] or in the estimate

3

as being damaged." *Id.* Therefore, the photographs did not disprove causation or the amount of restitution. *Id.*

A reasonable mind could accept Stephenson was the cause of the damaged door based upon the evidence provided. Similar to *Stewart*, in this case the photograph is inconclusive at best. The photograph only shows one angle of the door, and we cannot rule out that there is no damage to the door. It is possible the damage is not shown and, for that reason, the photograph may be conflicting evidence but not conclusive as suggested by Stephenson.

The neighbor testified that before the burglary one board was pulled off the shop door, possibly enough for a small person to fit through. Based upon that evidence, the damage to the door was not enough to remove the Gator out of the shop at that time.

However, three days later, the neighbor described the door as a "torn door" and the Gator removed from the shop. It is reasonable to infer something occurred to the door to be able to remove the Gator from the shop. When the neighbor investigated further, he found Stephenson walking away from the stolen Gator, connecting him to both the burglary and the damage to the door. Although there may be conflicting evidence, a reasonable mind could conclude Stephenson was the cause of the damage to the door. Therefore, the district court acted within applicable legal standards and within reason when it found substantial evidence to support restitution.

### III.
### CONCLUSION

There is sufficient evidence in the record to support the district court's decision to award $870.79 in restitution, including for the damage to the door. The district court did not abuse its discretion and consequently, the judgment of restitution is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.